### WILSON v. LIVE & LET LIVE DRUG STORE, Inc.
No. 60 L 2106.

Circuit Court, Dade County.
February 24, 1961.

Alfred Gustinger, Jr., Miami, for plaintiff.

Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for defendant.

PHILLIP GOLDMAN, Circuit Judge.

This cause came on to be heard by the court upon the defendant's post trial motion to set aside the verdict and enter judgment for the defendant in accordance with its motion for directed verdict. In addition to the foregoing, the defendant has, alternatively, moved for a new trial.

The court has heard arguments of, and examined briefs by, counsel for the parties, and has had the benefit of reading and studying the transcript of testimony and exhibits adduced during the trial.

At the outset, it should be noted that the court expressed concern during the trial as to whether or not a prima facie case had been made which warranted submission of the cause to the jury. However, proceeding on the basis that perhaps some pertinent evidence had been developed which the court had missed, and further recognizing that a resolving of the legal questions involved required a more mature consideration than could be afforded in the brief period available after both sides had rested, the court allowed the cause to go to the jury.

Since that time, the court has had an opportunity to hear argument of counsel, to examine their memoranda and to search the transcript of the trial proceedings. Having done so, the court reluctantly concludes that the jury verdict cannot stand.

Although a court should not, and this court will not, pit its view of the evidence against that of the jury, the fact remains that there must be at least a minimal evidentiary basis as a condition precedent to submitting the issues to the jury. In this case, considering the evidence in the light most favorable to the plaintiff, I find a complete absence of competent evidence which would entitle this cause to go to the jury. See People's Service Drug Stores v. Somerville, 161 Md. 662, 158 A. 12. See also Scott v. Greenville Pharmacy, 212 S.C. 485, 48 S.E. 2d 324.

It is accordingly ordered that the motion of the defendant to set aside the verdict and enter judgment for it notwithstanding the verdict in accordance with defendant's motion for directed verdict is granted. A judgment for the defendant will be entered when submitted.